WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Robert Joe Moody,

    Petitioner,

v.

Charles L. Ryan,

    Respondent.

No. CV-15-00474-TUC-LCK

**ORDER**

Petitioner Robert Joe Moody has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Before the Court are the Petition (Doc. 1), Respondent's Answer (Doc. 13), and Petitioner's Reply (Doc. 22). Petitioner also filed a Motion for Leave to File Additional Materials. (Doc. 24.) The parties have consented to Magistrate Judge jurisdiction. (Doc. 6.) The Court finds the Petition should be dismissed on the merits.

**FACTUAL AND PROCEDURAL BACKGROUND**

Petitioner was convicted in the Pima County Superior Court on two counts of first degree murder in 1995 and sentenced to death. (Doc. 13-1 at 3-4.) On appeal, the Arizona Supreme Court reversed Petitioner's convictions based on the trial court's denial of Petitioner's motion for change of counsel. (*Id.* at 6.) Petitioner again was convicted following a second trial and sentenced to death. (*Id.* at 25.)

Upon Petitioner's automatic appeal to the Arizona Supreme Court, Petitioner argued, in part, that his retrial was barred on double jeopardy grounds based upon

prosecutorial misconduct in the first trial. (*Id.* at 27.) The appellate court found that Petitioner had neither moved for a mistrial based on prosecutorial misconduct during the first trial nor filed a special action seeking review of the trial court's denial of his motion to dismiss based on double jeopardy before the second trial. (*Id.* at 27-28.) Therefore, the court held the double jeopardy claim was not preserved for appeal and declined to address it. (*Id.* at 28.) However, the court vacated Petitioner's death sentence. (*Id.* at 53-56 (citing *Ring v. Arizona*, 536 U.S. 584 (2002).) Petitioner was resentenced to consecutive life terms. (Doc. 13-2 at 3.) His subsequent appeal was unsuccessful. (*Id.* at 2-24; Doc. 13-3 at 2.)

Prior to the conclusion of Petitioner's resentencing appeal, he filed a timely Post-conviction Relief (PCR) Notice. (Doc. 13-3 at 4-5.) In the PCR Petition, Petitioner argued, in part, that his retrial was barred on double jeopardy grounds based upon prosecutorial misconduct. (*Id.* at 8-16.) The PCR court held the claim was precluded because it previously had been raised and adjudicated on appeal. (*Id.* at 69.) The Court of Appeals granted review but denied relief, agreeing the claim was precluded. (*Id.* at 87-90.)

## DISCUSSION

The Petition raises a single two-part claim that double jeopardy was violated by retrial because, in the first trial, there was prosecutorial misconduct and insufficient evidence of guilt. (Doc. 1.) Respondents contend the claim is procedurally defaulted. The Court finds this claim is most expeditiously resolved on the merits. *See* 28 U.S.C. § 2254(b)(2).

<u>Merits Analysis</u>

Pursuant to the Double Jeopardy Clause of the United States Constitution's Fifth Amendment, "No person shall be subject for the same offence to be twice put in jeopardy of life or limb."

First, Petitioner alleges his retrial was barred on double jeopardy grounds due to prosecutorial misconduct that occurred in the first trial. The Supreme Court has spoken on this point, holding that retrial is barred by double jeopardy only in "those cases in which the conduct giving rise to the successful motion for a mistrial was intended to provoke the defendant into moving for a mistrial." *Oregon v. Kennedy*, 456 U.S. 667, 679 (1982). Here, regardless of whether Petitioner made several motions for mistrial as he alleges, he cannot find relief under the *Kennedy* holding. Petitioner's first trial did not end in a mistrial but in a conviction; therefore, Petitioner never obtained the "successful motion for mistrial" upon which the *Kennedy* holding relies.

Second, Petitioner argues his retrial was barred because the prosecution presented insufficient evidence of guilt at the first trial. The Supreme Court also has addressed directly whether insufficiency of evidence may be used as a means to bar retrial on double jeopardy grounds. The Court held that the Double Jeopardy Clause "may preclude a second trial once the reviewing court has found the evidence legally insufficient." *Burks v. United States*, 437 U.S. 1, 18 (1978). However, the Court specifically distinguished instances in which the appellate court found that the evidence presented was legally insufficient from instances where trial error provoked a reversal on appeal. *Id.* at 15. The Court held that the Double Jeopardy Clause "does not preclude the Government's retrying a defendant whose conviction is set aside because of an *error in the proceedings* leading to conviction." *Id.* at 14 (quoting *United States v. Tateo*, 377 U.S. 463, 465 (1964)). Here, no such insufficiency of evidence determination was made on appeal; rather, the Arizona Court of Appeals granted relief solely on an issue relating to appointment of counsel. (Doc. 13-1 at 4 (declining to reach any other issues).) Therefore, Petitioner is not entitled to relief under *Burks*.

Petitioner has cited a number of Arizona court cases analyzing prosecutorial misconduct's effect on retrial in light of the Double Jeopardy Clause. *See Pool v. Superior Court*, 677 P.2d 261, 270-72, 139 Ariz. 98, 107-09 (1984); *State v. Jorgenson*,

10 P.3d 1177, 198 Ariz. 390 (2000); *State v. Minnitt*, 55 P. 774, 783, 203 Ariz. 431, 440 (2002).[1] However, each of these cases was decided based upon Arizona's Double Jeopardy Clause. In fact, in *Pool*, the Arizona Supreme Court rejected the standard set forth in *Oregon v. Kennedy*. 677 P.2d at 271, 139 Ariz. at 108. These cases, based on the state constitution, provide no support for Petitioner's federal Petition because this Court may grant relief only under federal law. *See* 28 U.S.C. § 2254(a).

<u>Petitioner's Motion for Leave to File Additional Materials</u>

Petitioner has filed a Motion for Leave to File Additional Materials, which consists of four discs. (Docs. 24, 25.) Petitioner asserts this material is relevant to show that during his first trial he moved for mistrial seven times, made a motion for new trial and a motion to vacate judgment, and filed one or more special actions in the Arizona Court of Appeals. Assuming the discs reflect the material identified by Petitioner, it would not alter the factual or legal basis of the Court's merits analysis. Therefore, the Court denies the motion to expand the state record, but will file the discs into the record of this Court for preservation.

## CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, this Court must issue or deny a certificate of appealability (COA) at the time it issues a final order adverse to the applicant. A COA may issue only when the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This showing can be established by demonstrating that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner" or that the issues were "adequate to deserve encouragement to proceed

---

[1] Petitioner also cites *State v. Hughes*, 969 P.2d 1184, 1190-92, 193 Ariz. 72, 78-80 (1998). While that case addressed prosecutorial misconduct, there was no double jeopardy claim at issue. *Id.* at 1192, 193 Ariz. at 80. Additionally, Petitioner relies upon *United States v. Dinitz*, 424 U.S. 600 (1976). This Court need not rely upon *Dinitz* because the Supreme Court narrowed the standard set forth in that case when it decided *Oregon v. Kennedy*. 456 U.S. at 673-79.

further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). The Court finds that reasonable jurists would not find this Court's merits ruling debatable. Therefore, a COA will not issue.

Accordingly,

**IT IS ORDERED** that Petitioner's Motion for Leave to File Additional Materials (Doc. 24) is **GRANTED in part**, to the extent it seeks leave to file the material before this Court, but **DENIED in part**, to the extent it seeks to expand the state court record. The Clerk of Court shall file on the record the CDs lodged on the docket (Doc. 25).

**IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus is **DISMISSED**.

**IT IS FURTHER ORDERED** that the Clerk of Court should enter judgment and close this case.

**IT IS FURTHER ORDERED** that, pursuant to Rule 11 of the Rules Governing Section 2254 Cases, in the event Petitioner files an appeal, the Court denies issuance of a certificate of appealability.

Dated this 28th day of August, 2017.

Honorable Lynette C. Kimmins
United States Magistrate Judge